UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARO B. GROSS,<br><br>                        Plaintiff,<br><br>v.<br><br>JOCELYN MICHELS STUFFLEBEAN; JOHN STUFFLEBEAN; DAVID I. GROSS; MIEKE STRAND; LAUREN E. JONES; JULIE A. AMEDE; JOSEPH F. DERROUGH; WILLIAM HOYT; and BART CALL,<br><br>                        Defendants. | Case No.: 21-CV-2109 JLS (DEB)<br><br>**ORDER GRANTING DEFENDANTS JOCELYN MICHELS STUFFLEBEAN, JOHN STUFFLEBEAN, DAVID I. GROSS, MIEKE STRAND, LAUREN E. JONES, AND BART CALL'S UNOPPOSED MOTION TO DISMISS**<br><br>(ECF No. 10) |

      Presently before the Court is Defendants Jocelyn Michels Stufflebean, John Stufflebean, David I. Gross, Mieke Strand, Lauren E. Jones, and Bart Call's (collectively, "Moving Defendants") Motion to Dismiss ("Mot.," ECF No. 10). No opposition to the Motion has been filed. *See generally* Docket.

      The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c)

provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed fourteen days prior to the noticed hearing. The hearing for the present Motion was set for February 10, 2022, at 1:30 p.m.; thus, any opposition was due on January 27, 2022.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff Daro B. Gross ("Plaintiff") had notice of the Motion yet failed to file a timely opposition. Plaintiff has not provided any excuse for his failure to file a timely opposition to the present Motion. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend its case.

As to the third factor, the Court finds no risk of prejudice to Moving Defendants if it grants their Motion and provides them with the relief they seek. Nor would Plaintiff be significantly prejudiced, given that the Court's dismissal is without prejudice, for the reasons provided below. Thus, this factor also weighs in favor of dismissal.

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*,

No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. On February 2, 2022, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 12. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors, considered as a whole, weigh in favor of granting Moving Defendants' unopposed Motion, the Court **GRANTS** the Motion (ECF No. 10) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 3) for failure to state a claim upon which relief can be granted. Although Moving Defendants request that the Court deny leave to amend, the Court finds dismissal with prejudice unduly harsh at this early stage in the proceedings, particularly given Plaintiff's pro se status. Thus, Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Moving Defendants' Motion within twenty-eight (28) days of the date on which this Order is electronically docketed. ***Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: February 3, 2022

Hon. Janis L. Sammartino
United States District Judge